IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MAHSA P. KHYAVI AND PARVIZ PHARMACEUTICALS AND HEALTH SYSTEMS, <br><br> Plaintiffs, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br><br> Defendant. | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:17-CV-00760-ALM-CAN |

## ORDER

Pending before the Court is Defendant President and Fellows of Harvard College's ("Defendant") Emergency Motion to Stay All Discovery and to Continue the Rule 26(f) Conference Deadline ("Motion") [Dkt. 13]. Defendant requests therein to stay discovery, including specifically initial disclosures, and to continue the Rule 26(f) conference deadline, currently set for November 14, 2017, until the Court rules on Defendant's other pending motions [Dkt. 13 at 2]. Aside from the present Motion, on October 30, 2017, Defendant filed: a Motion to Dismiss for Lack of Personal Jurisdiction, a Motion to Dismiss for Improper Venue, a Motion to Dismiss Parviz Pharmaceuticals and Health Systems as a Plaintiff in this Suit, and a Motion for a More Definite Statement, all of which Defendant collectively refers to as the "Pre-Answer Motions" [Dkts. 8, 9, 10, 12].

A federal district court has the "inherent power to control its own docket, including the power to stay proceedings." *Premier Int'l Assocs. LLC v. Hewlett-Packard Co.*, 554 F. Supp. 2d 717, 720 (E.D. Tex. 2008) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)). This power "is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (internal quotations omitted). The Court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c)(1); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990); *Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-cv-257-B, 2014 WL 1976867, at *1 (N.D. Tex. May 15, 2014). Such "good cause" may include "annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). "While discovery may be stayed pending the outcome of a motion to dismiss, 'the issuance of [a] stay is by no means automatic.'" *Glazer's Wholesale Drug Co., Inv. v. Klein Foods, Inc.*, No. 3-08-CV-0774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008) (citations omitted). "In fact, such a stay is the exception rather than the rule." *Id.* (citing *Ford Motor Co. v. United States Auto Club, Motoring Division, Inc.*, No. 3-07-CV-2182-L, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24, 2008)). The mere filing of dispositive motions in a civil case does not constitute good cause, nor does it warrant staying all activity in a case. Furthermore, Eastern District of Texas Local Rule CV-26(a) cautions Parties:

> **No Excuses.** Absent court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue.

The Court has set this matter for Rule 16 management conference on Wednesday, December 13, 2017 at 2:30pm in the United States Courthouse—Annex, 200 N. Travis St., Sherman, Texas 75090 [Dkt. 6]. At this time, the Parties may raise any concerns about proceeding with discovery and/or any other pretrial matters. The Court will not relieve the Parties of preparing a joint Rule 26 report in advance of the scheduling conference. The Court will, however, extend the deadline to file such report until December 11, 2017, and the Parties' deadline to conduct their

Rule 26(f) conference shall be extended until December 8, 2017. The Court also continues the deadline for the initial mandatory disclosures until December 18, 2017. Accordingly,

It is therefore **ORDERED** that Defendant's Emergency Motion to Stay All Discovery and to Continue the Rule 26(f) Conference Deadline [Dkt. 13] is **DENIED**.

It is further **ORDERED** that the Parties' deadlines to meet and confer and file a joint Rule 26(f) conference report are extended. The Parties shall meet and confer on or before *Friday, December 8, 2017*, and thereafter submit a joint Rule 26(f) conference report on or before *Monday, December 11, 2017*. The Parties shall complete initial mandatory disclosures on or before *Monday, December 18, 2017*.

It is further **ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Improper Venue, Motion to Dismiss Parviz Pharmaceuticals and Health Systems as a Plaintiff in this Suit, and Motion for a More Definite Statement [Dkts. 8, 9, 10, 12] are set for hearing on *Wednesday, December 13, 2017, at 2:30 p.m.* at the United States Courthouse – Annex, 200 N. Travis Street, Sherman, Texas before the undersigned. Plaintiff(s) and counsel for Defendant shall appear.

## NOTICE TO PRO SE PLAINTIFF

Defendant has filed: a Motion to Dismiss for Lack of Personal Jurisdiction, a Motion to Dismiss for Improper Venue, a Motion to Dismiss Parviz Pharmaceuticals and Health Systems as a Plaintiff in this Suit, and a Motion for a More Definite Statement [Dkts. 8, 9, 10, 12]. Pursuant to Local Rule 7(e), "[a] party opposing a motion has fourteen days from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision." *See* EASTERN DISTRICT OF TEXAS LOCAL RULE CV-7(e). Local Rule 7(d) further provides that "[a] party's failure to oppose a motion in the manner

prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." *See* EASTERN DISTRICT OF TEXAS LOCAL RULE CV-7(d).

Plaintiff(s) is thus reminded of the obligation to file any responses to Defendant's aforementioned Motions within fourteen days from the date such motions were served upon Plaintiff. Given Plaintiff's *pro se* status, the Court finds that Plaintiff's deadline to respond to the aforementioned Motions should be extended beyond that time contemplated by the Local Rules. Plaintiff shall file a response to the Motions [Dkts. 8, 9, 10, 12] on or before ***Monday, November 27, 2017***, citing any applicable authority for any opposition to same, or notifying the Court there is no opposition. <u>Should Plaintiff fail to file any response on or before Monday, November 27, 2017, Plaintiff's claims against these defendants will be recommended for dismissal.</u>

It is therefore **ORDERED** that Plaintiff shall file any Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Improper Venue, Motion to Dismiss Parviz Pharmaceuticals and Health Systems as a Plaintiff in this Suit, and Motion for a More Definite Statement [Dkts. 8, 9, 10, 12] no later than ***Monday, November 27, 2017***.

The Clerk of Court is directed to provide Plaintiff a copy of this Order via certified and regular U.S. mail.

**IT IS SO ORDERED**.
**SIGNED this 12th day of November, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE