**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **MAHSA P KHYAVI and PARVIZ PHARMACEUTICALS AND HEALTH SYSTEMS,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION NO. 4:17-CV-00760-ALM-CAN** |
| **vs.** | ) ) | |
| **PRESIDENT AND FELLOWS OF HARVARD COLLEGE,** | ) ) ) | |
| **Defendant.** | ) ) | |

**DEFENDANT PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S
26(f) REPORT**

Pursuant to the Court's October 24, 2017 Order Governing Proceedings and November 12, 2017 Order (together, the "Orders"), Defendant President and Fellows of Harvard College ("Defendant" or "Harvard") files this 26(f) Report as follows:

Defendant's counsel contacted Plaintiffs Mahsa P. Khyavi ("Ms. Khyavi") and Parviz Pharmaceuticals and Health Systems ("PPHS") (together, "Plaintiffs") via email on December 7, 2017 to schedule a time to conduct the Rule 26(f) Conference on or before December 8, 2017, as required by the Orders.  <u>Plaintiffs failed to respond to Defendant's counsel's email and did not otherwise contact Defendant's counsel to discuss the matters contained in Rule 26(f) and the Court's Orders</u>.  Accordingly, Defendant submits this Conference Report on behalf of Harvard only.

1.     <u>A brief factual and legal synopsis of the case.</u>

For over a year, Ms. Khyavi has sought to initiate three legal actions against Harvard in Texas state courts.[1]  This action, initially filed in Denton County, Texas, is the third of those

---

[1] Ms. Khyavi has twice filed suit against Defendant, among other named defendants, prior to the current action. However, Ms. Khyavi failed to properly serve Defendant with process in the prior litigation, and the cases were ultimately dismissed for failure to prosecute.

<u>DEFENDANT'S 26(f) REPORT</u> – PAGE 1

cases.  Although not entirely clear from Plaintiff's Verified Original Petition, Application for Declaratory Relief, TRO, Temporary and Permanent Injunction (the "Petition") [Dkt. 1], it appears that Ms. Khyavi alleges that Defendant has wrongfully failed to award her a medical degree – despite the fact that Ms. Khyavi was not admitted to, and never attended, Harvard Medical School.

On October 30, 2017, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction, a Motion to Dismiss for Improper Venue, and a Motion to Dismiss Parviz Pharmaceuticals and Health Systems as a Plaintiff in this Suit (collectively, the "Motions to Dismiss").  [Dkts. 8, 9, 12]  Defendant also filed a Motion for a More Definite Statement (together with the Motions to Dismiss, the "Pre-Answer Motions").  [Dkt. 10]

On November 12, 2017, the Court ordered Plaintiffs to respond to the Pre-Answer Motions on or before November 27, 2017.  [Dkt. 14]  Despite the Court's warning that "[s]hould Plaintiff fail to file any response [to the Pre-Answer Motions] on or before Monday, November 27, 2017, Plaintiff's claims against these defendants will be recommended for dismissal," Plaintiffs failed to file a response to the Pre-Answer Motions.  *See* Dkt. 14 (emphasis in original).

Accordingly, Defendant respectfully requests that this Court dismiss this case for failure to prosecute.  In the alternative, Defendant respectfully requests that the Court grant the Motions to Dismiss.

2.  <u>State the jurisdictional basis for this suit.</u>

Defendant removed this case from Denton County, Texas pursuant to 28 U.S.C. § 1332(a)(1).  Defendant subsequently filed the Motions to Dismiss, seeking dismissal of Plaintiffs' claims in their entirety, on the grounds that this Court lacks personal jurisdiction over Defendant, venue is improper, and because PPHS cannot be represented *pro se*.  [Dkts. 8, 9, 12]

3.  <u>A list of the correct names of the parties to this action and any anticipated additional or potential parties.</u>

Defendant has been correctly named.

4.  <u>A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.</u>

To Defendant's knowledge, there are no <u>pending</u> related cases.  However, as stated above, Ms. Khyavi previously filed two lawsuits against Harvard and others, which were removed to the United States District Court for the Northern District of Texas (*Steps to Health, Inc. and M.P. v. Harvard University, et al.*, No. 3:16-cv-2662-G-BN) and the United States District Court for the Southern District of Texas (*M.P. vs. Association of American Medical Colleges, et al.*, Civil Action No. 4:16-cv-02862).  Both cases were dismissed for failure to prosecute.

5.     <u>Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed</u>.

Pursuant to the Court's November 12, 2017 Order, the parties must complete initial mandatory disclosures on or before December 18, 2017.  [Dkt. 14]

6.     <u>Proposed scheduling order deadlines.</u>

| | |
|---|---|
| **December 20, 2017** | Deadline for motions to transfer. |
| **January 24, 2018** | Deadline to add parties. |
| **September 7, 2018** | Deadline to mediate. |
| **July 27, 2018** | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| **February 21, 2018** | Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and LR CV-26(b). |
| **March 7, 2018** | Deadline for Plaintiff to file amended pleadings. (A motion for leave to amend is required.) |
| **March 21, 2018** | Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and LR CV-26(b). |
| **March 21, 2018** | Deadline for Defendant's final amended pleadings.  (A motion for leave to amend is required.) |
| **6 weeks after disclosure of an expert is made** | Deadline to object to any other party's expert witnesses.  Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |
| **July 13, 2018** | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| **May 30, 2018** | All discovery shall be commenced in time to be completed by this date. |
| **October 19, 2018** | Notice of intent to offer certified records. |
| **October 19, 2018** | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* LR CV-16(b) and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). |
| **October 26, 2018** | Video deposition designation due.  Each party who proposes to offer a |

|  | deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered.  All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included.  Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court.  The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections. |
|---|---|
| **October 31, 2018** | Motions in limine due. <br> File Joint Final Pretrial Order (*See* www.txed.uscourts.gov) |
| **November 16, 2018** | Response to motions in limine due.[2] <br> File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[3]   (This does not extend deadline to object to expert witnesses.)  File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| **Date will be set by Court.  Usually within 10 days prior to final pretrial conf.** | If numerous objections are filed the court may set a hearing to consider all pending motions and objections. |
| **November 30, 2018** | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas.  Date parties should be prepared to try case.  All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m.  However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| **To be determined** | 10:00 a.m. Jury Trial at the Paul Brown Untied States Courthouse located at 101 East Pecan Street in Sherman, Texas.  Cases that remain for trial following the Court's Pretrial docket will be tried between 1/7/2019 – 2/1/2019.  A specific trial date in this time frame will be selected at the Final Pretrial Conference. |

[2] This is not an invitation or requirement to file written responses.  Most motions in limine can be decided without a written response.  But, if there is a particularly difficult or novel issue, the Court needs some time to review the matter.  To save time and space respond only to items objected to.  All others will be considered agreed.  Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response.  The parties shall notify the court of all the issues which are resolved.

[3] Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling.  The parties shall notify the court of all issues which are resolved.  The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

7.   Describe in accordance with Rule 26(f):

(i)   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:

Defendant believes discovery is needed to establish that Ms. Khyavi did not attend Harvard Medical School and that Defendant did not take any wrongful actions with respect to Plaintiffs.  Defendant believes that discovery should be completed by May 30, 2018.

(ii)   Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI.  Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.

Defendant does not currently believe special discovery measures are necessary for the discovery of ESI.  Defendant intends to request information through traditional means of discovery, which may include requests for the production of ESI, including any metadata. Defendant intends to initially produce ESI in a Tiff format with a load file.

(iii)   Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues).  A party asserting that any information is confidential should immediately apply to the court for entry of a protective order.  Unless a request is made for modification, the court will use the form found on the Eastern District website.

None at this time.

(iv)   Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed/

None at this time.

(v)   Whether any other orders should be entered by the court pursuant to Federal Rules of Civil Procedure 26(c) or 16(b), (c)

Given Plaintiffs' failure to prosecute this lawsuit, Defendant requests that the Court enter a protective order staying discovery until the Court rules on the Pre-Answer Motions.

8.   State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made.  If the parties have

**DEFENDANT'S 26(f) REPORT – PAGE 5**

agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation.  An early date is encouraged to reduce expenses. The court will appoint a mediator if none is agreed upon.

Plaintiffs have not made a settlement demand.  The parties have not agreed upon a mediator.

9.      The identity of persons expected to be deposed.

Defendant anticipates deposing Ms. Khyavi, Maryam Farahmand, the corporate representative of  PPHS, and any expert witnesses designated by Plaintiffs.

10.     Estimated trial time and whether a jury demand has been timely made.

Defendant believes that all of Plaintiffs' claims should be dismissed pre-trial.  However, if a trial is necessary, Defendant estimates that a trial of this matter (including voir dire and closing argument) will take three (3) days.

11.     The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

Joseph A. Unis, Jr. and Sarah-Michelle Stearns with Locke Lord LLP will appear on behalf of Defendant.

12.     Whether the parties jointly consent to trial before a magistrate judge.

Defendant is unable to respond due to Plaintiffs' failure to participate in the 26(f) conference.

13.     Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.

As stated above, Ms. Khyavi continues to bring baseless and frivolous litigation against Defendant and others without any apparent intention to participate in the litigation once filed. Accordingly, Defendant requests that the Court dismiss this case for failure to prosecute and further enter an order requiring Ms. Khyavi, and those acting in concert with her, to obtain approval from the Court before instituting any further litigation against Harvard, its employees, and its affiliates.

Dated:  December 11, 2017.                    Respectfully submitted,

                                              /s/ Kimberly Williams
                                              **Kimberly F. Williams**
                                              Texas Bar No. 24050592
                                              **Joseph A. Unis, Jr.**
                                              Texas Bar No. 24075625
                                              **LOCKE LORD LLP**
                                              2200 Ross Avenue, Suite 2800
                                              Dallas, TX  75201
                                              T: (214) 740-8589
                                              kwilliams@lockelord.com

                                              **ATTORNEYS FOR PRESIDENT AND
                                              FELLOWS OF HARVARD COLLEGE**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on December 11, 2017, I served a copy of this document on the following via regular U.S. mail and certified mail, return receipt requested, and electronic mail as set forth below:

Mahsa P Khyavi
1440 Carrollton Pkwy. #18304
Carrollton, TX  75010
T: (972) 767-9401
legacycenter.mahsa@gmail.com
*Proceeding Pro Se*

                                              /s/ Kimberly Williams